Dear Mr. Nomey:
This office is in receipt of your request for an opinion of the Attorney General in regard to legislation establishing 911 as the primary emergency telephone number for use in this state. Title 45 is "Public Utilities and Carriers", and Chapter 8-A, "Local Emergency Telephone Systems", covers R.S. 45:791-804. You ask that this office set forth the Department of Public Safety's responsibilities under R.S. 45:791-45:804.
R.S. 45:791-804 were added as Chapter 8-A of Title 45 by act 94 of 1974. In R.S. 45:791 the legislature recognized it was in the public interest to shorten response time for emergency aid, and declared that the purpose of this chapter was to establish the number 911 as the primary emergency telephone number for use in this state and to encourage units of local government to develop emergency communication procedures and facilities.
As observed by this office in Atty. Gen. Op. No. 92-209, R.S.45:792 sets forth the procedures to be followed by public agencies, providing four methods of handling 911 calls — direct dispatch, relay, transfer, and referral method. It was noted that R.S. 33:9101 authorizes the governing authority to create a communication district to carry out the purposes of the 911 system as political subdivisions of the state, and to select the method of response to emergency calls. In this regard R.S. 45:797
is quoted which provides in order to insure implementation of the systems in R.S. 45:793 on or before January 1, 1978 the department of public safety shall develop an overall plan, and "shall assist public agencies and public safety agencies in obtaining financial assistance to establish emergency telephone service and shall aid such agencies in the formulation of concepts, methods and procedures which will improve the operation of systems and which will increase cooperation between public safety agencies". It was then concluded that under these statutes "it is the communication district's responsibility to determine the method that it deems to be most feasible for handling E-911 calls." It was further stated, "It is our opinion that the governing authority has the implied power to establish these specific details for handling E-911 calls."
Consequently, it appears in accordance with R.S. 45:797 that the Department of Public Safety should have developed an overall plan "prior to development of any system", and assisted public agencies in obtaining financial assistance "to establish" emergency telephone service. Therefore, after this initial assistance in the establishment of the service, which should now be completed, the Department should aid in "the formulation of concepts, methods and procedures which will improve the operation of systems and which will increase cooperation between public safety agencies." The Department is directed to "consult at regular intervals with the Highway Safety Commission, the state fire marshal, the Louisiana Commission on Law Enforcement and the Administration of Criminal Justice and the Public utilities in this state that provide telephone service.
Under R.S. 45:798 the Department was to establish on or before January 1, 1975 "technical and operational standards for thedevelopment of basic and sophisticated systems" which are to be followed by the public agencies in establishment of its system. Additionally, the Department is authorized to commence judicial proceedings to enforce compliance with the chapter by public agencies, or commence proceedings before the Public Service Commission against any public utility providing telephone service to enforce compliance, R.S. 45:800, or to enforce compliance where a public agency has failed to enter into a cooperative agreement or failed to file copies of the agreement with the Department, R.S. 45:801.
R.S. 45:802 required the Department to report to the appropriations committee at least thirty days prior to 1975, 1976, and 1977 session the progress in the implementation of the system, and under R.S. 45:803 to submit recommendations to the division of administration and legislative budget committee in these same years specifying the amounts necessary to further implement the organization of the telephone system. However, R.S.45:804 provides if the legislature fails to enact legislation and appropriate such funds as are necessary to enable local public agencies to implement the required systems, the dates specified for the implementation of a system by the chapter "shall be postponed by the number of years elapsing between 1975 and the year in which the legislature appropriates such funds."
We find it significant to note that Act 550 of 1983 enacted R.S.33:9102 stating the purpose, similar to that in Act 94 of 1974, as being in the public interest to shorten the time to receive emergency aid with a three digit emergency number, and authorizing any parish governing authority to create a communication district for the purpose of establishing a local emergency telephone service, and for a governing body of the district.
Consequently, at this point in time the responsibility of the Department of Public Safety should be formulation "of concepts, methods, and procedures which will improve the operation of systems and which will increase cooperation between public safety agencies". Their responsibility is also to "consulate at regular intervals with the Highway Safety Commission, the state fire marshal, the Louisiana Commission on Law Enforcement and the Administration of Criminal Justice, and the Public Utilities in this state that provide telephone service", and to institute proceedings to enforce compliance by public agencies or public utilities with the chapter or for cooperative agreements and filing such agreements with them.
However, in light of Act 550 of 1983 which authorized any parish governing authority to create its communication district for a local emergency telephone system, and the observation of this office that the local authority selects the method its finds most feasible, we do not find any provision which requires standardization for emergency telephone systems throughout the state, nor do we find the Department of Public Safety has such authority. Its authority was to develop an overall plan "prior to the development of any system" and to coordinate the "implementation of systems to be established". We do not find this to be a continuing exercise. We believe such state wide standardization would require legislation.
We hope this sufficiently answers your inquiry.
 Sincerely yours, RICHARD P. IEYOUB Attorney General
 By: __________________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR